**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

JASHANPREET SINGH,                                )
                                                   )
                    Petitioner,                    )
                                                   )
v.                                                 )          Case No. CIV-26-218-J
                                                   )
MARY DE ANDA-YBARRA, et al.,                       )
                                                   )
                    Respondents.                   )

**<u>ORDER</u>**

Petitioner Jashanpreet Singh, a noncitizen from India, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. The matter was referred to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Erwin issued a Report and Recommendation (R&R) recommending that the Court: (1) grant the Petition in part; (2) order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release him; and (3) order Respondents to certify compliance by filing a status report within ten business days of the Court's order [Doc. No. 11]. The parties were advised of their right to object to the R&R by April 6, 2026. *Id.* at 18. Respondents filed a timely Objection [Doc. No. 12]. For the reasons discussed below, the Report and Recommendation is ADOPTED and the Petition is GRANTED to the extent it alleges Petitioner's lack of a bond hearing violates federal law.

**I.    <u>Background</u>**

Petitioner is a citizen of India who entered the United States on December 11, 2023, without admission or parole. [Doc. No. 1 ¶ 14, 40]. At some point in time, he was detained, released, and placed in removal proceedings. *Id.* ¶ 40–41. In February 2024, Petitioner filed a Form I-589 asylum application, seeking lawful residence in the United States. *Id.* ¶ 41. In January

2026, Petitioner was re-detained by Immigration and Customs Enforcement (ICE) during a "routine commercial truck inspection." *Id.* ¶ 42. Petitioner asserts he was re-detained "without cause" and has remained in custody without a bond hearing. *See id.* ¶¶ 42–44. Respondents contend a bond hearing is not required because Petitioner was properly re-detained under 8 U.S.C. § 1225(b)(2). [Doc. Nos. 8 & 12]. While housed at the Diamondback Correctional Facility in Watonga, Oklahoma, Petitioner filed his Petition, asserting that his continued detention without a bond hearing violates (1) the Immigration and Nationality Act (INA), and (2) his Fifth Amendment due process rights.[1]

## II.    **Standard of Review**

Although it was timely filed, Respondents' Objection does not trigger de novo review. An objection that merely reiterates arguments previously presented to the magistrate judge, or that expresses general disagreement with the recommendation, is insufficient to require de novo review. *E.g., Valle v. Jones*, No. CIV-25-1161-J, 2025 WL 3488290, at *2 (W.D. Okla. Dec. 4, 2025) (collecting cases); *see also Cisneros v. Gomez*, No. CIV-21-825-PRW, 2023 WL 2543435, at *1 (W.D. Okla. Mar. 16, 2023). Here, Respondents concede the Objection "expressly reasserts . . . arguments set forth in the Response." [Doc. No. 12 at 6].[2] Indeed, the Objection narrowly "focuses on the R&R's failure to apply the plain meaning of § 1225(b)(2)(A)," which is an argument already raised in the Response, addressed in the R&R, and now repeated in the Objection. *See* [Doc. No. 8 at 26–30; Doc. No. 11 at 9–14; Doc. No. 12 at 10–14 (quoting large sections of the Response nearly verbatim)]. And, while the R&R addresses Respondent's

---

[1] Because the Court grants Petitioner relief under § 1226(a), it declines to address his constitutional claim.

[2] All page citations refer to the Court's CM/ECF pagination.

argument regarding whether the Court has jurisdiction under 8 U.S.C. § 1252, *see* [Doc. No. 11 at 3–9], the Objection is silent as to this issue.  This does not trigger de novo review.  *Sanchez-Gilly v. Noem*, No. CIV-26-139-J, 2026 WL 674200 (W.D. Okla. Mar. 10, 2026); *Horsey v. Rankins*, No. CIV-22-1021-J, 2023 WL 3866569, at *1 (W.D. Okla. June 7, 2023) (finding de novo review is not warranted as to the portions of the R&R to which no specific objection is made).[3]

### III.   Analysis

Having determined that Respondents' Objection does not trigger de novo review, the Court reviews the R&R only to "confirm that there is no clear error on the face of the record."  *Barnett v. Okla. State Reformatory*, No. CIV-25-248-J, 2025 WL 2205827, at *1 (W.D. Okla. Aug. 4, 2025).  With that review, the Court ADOPTS the thorough and well-reasoned R&R concluding that Petitioner's detention without a bond hearing violates the INA.  Even if the Court engaged in de novo review, this Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation.  *See Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (collecting cases); *Singh v. Bondi*, No. CIV-26-43-J, 2026 WL 483482, at *2 (W.D. Okla. Feb. 20, 2026).  Unless the Tenth Circuit or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted.

---

[3]  Respondents also acknowledge this Court's prior rulings "and understand this case may be resolved similarly" but submit the Objection "to preserve arguments on appeal that other Courts," including the Fifth and Eighth Circuits "have found persuasive."  [Doc. No. 12 at 6]; *see Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026).  But the Court has previously acknowledged those cases and concluded they do not disturb its analysis or compel a different conclusion.  *See Damian v. Jones*, No. CIV-25-1561-J, 2026 WL 446295, at *1 (W.D. Okla. Feb. 17, 2026); *Singh v. Grant*, No. CIV-26-55-J, 2026 WL 915691, at *1 (W.D. Okla. Apr. 3, 2026).

## IV.    Conclusion

For the reasons above, the Report and Recommendation [Doc. No. 11] is ADOPTED and Petitioner's Petition for Writ of Habeas Corpus is GRANTED in so far as it finds Respondents violated the INA. Accordingly, the Court ORDERS Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) or otherwise release Petitioner within five business days of this Order's date. Respondents shall also certify compliance within ten business days of this Order's date.

A separate judgment will enter.

IT IS SO ORDERED this 10th day of April, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

4